UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ADAM LACROIX, an individual

    Plaintiff,

v.                                            Case No: 2:18-cv-143-FtM-38CM

LEE COUNTY, FLORIDA and
JAMES DREYMALA,

    Defendants.

## ORDER

This matter comes before the Court upon review of Defendant Lee County's Motion to Quash Service of Process and Incorporated Memorandum of Law filed on April 20, 2018. Doc. 18. Plaintiff does not oppose the relief sought. *See id.* at 3. For the reasons stated below, the Court will grant the motion.

A county, as a local government, must be served by "delivering a copy of the summons and of the complaint to its chief executive officer" or by delivering the same "in the manner prescribed by that state's law for serving a summons or like process on such a defendant." *See* Fed. R. Civ. P. 4(j)(2). Under Florida law, process against a county must be served:

> (a) On the president, mayor, chair, or other head thereof; and in his or her absence;
> (b) On the vice president, vice mayor, or vice chair, or in the absence of all of the above;
> (c) On any member of the governing board, council, or commission.

Fla. Stat. § 48.111(1)(a)-(c). Once service is challenged, the serving party has the burden of establishing service was proper. *See Morris v. City of Orlando*, No. 6:10-

cv-233-Orl-19GJK, 2010 WL 2836623, at *1 (M.D. Fla. July 19, 2010); *Lazaro v. U.S. Dept. of Agr.*, 186 F. Supp. 2d 1203, 1217 (M.D. Fla. 2001).

Here, Plaintiff filed his Affidavit/Proof of Service on Defendant Lee County, Florida on April 18, 2018. Doc. 15. The Affidavit indicates a process server served the Summons, Verified Complaint, Motion for Preliminary Injunction and Incorporated Memorandum of Law, and their exhibits on "Jane Doe (Refused Name)." Doc. 15-1. Although the Affidavit identifies Jane Doe as an employee authorized to accept service, it does not state that Jane Doe is the County's chief executive officer, a member of the governing commission, or in any other position specifically authorized to accept service under the Federal Rules of Civil Procedure or Florida law.[1] *See id.*; *see also* Fed. R. Civ. P. 4(j)(2); Fla. Stat. § 48.111(1). The Affidavit also does not state that Lee County's chief executive officer or any officials specified under § 48.111 were unavailable. *See Morris*, 2010 WL 2836623, at *2 (citing *Abele v. City of Brooksville*, 273 F. App'x 809, 811 (11th Cir. 2008)). Further, because Plaintiff does not oppose Lee County's motion, he cannot possibly meet his burden of establishing service was proper.

---

[1] As Lee County points out, "Jane Doe" could not possibly be an appropriate person to accept service because all of the individuals in positions authorized to accept service for Lee County are male. *See* Doc. 18 at 2 n.1 (indicating Lee County's chief executive officer and all five members of the Lee County Board of County Commissioners are male).

ACCORDINGLY, it is

**ORDERED:**

1. Defendant Lee County's Motion to Quash Service of Process and Incorporated Memorandum of Law (Doc. 18) is **GRANTED**.

2. Plaintiff shall have **up to and including May 25, 2018** to effect proper service on Lee County and file the returns of service with the Court pursuant to Federal Rule of Civil Procedure 4(l). Should Plaintiff fail to comply with this Order, the Court may recommend the case against Lee County be dismissed without prejudice and without further notice.

**DONE** and **ORDERED** in Fort Myers, Florida on this 24th day of April, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record