UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ADAM LACROIX, an individual

       Plaintiff,

v.                                          Case No: 2:18-cv-143-FtM-38CM

LEE COUNTY, FLORIDA and
JAMES DRYZMALA,

       Defendants.
_____/

**OPINION AND ORDER**[1]

This matter comes before the Court on Defendant James Dryzmala's Motion to Establish Briefing Schedule (Doc. 23) filed on May 24, 2018. Plaintiff Adam Lacroix responded on May 24, 2018. (Docs. 24; 25). Defendant Lee County, Florida responded on May 30, 2018. (Doc. 27). The matter is ripe for review.

This is a civil-rights case. Lacroix filed his Complaint and a request for a preliminary injunction in March 2018. (Doc. 1; 7). The instant dispute concerns the propriety of issuing a briefing schedule for Lacroix's pending preliminary injunction request (Doc. 7). Dryzmala argues that a briefing schedule would allow the Defendants to fully address the complex issues in this case, and would thereby benefit both the Court

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

and the interests of justice. Lacroix does not respond to Dryzmala's argument, except to contend that any briefing schedule should not include Lee County because it is subject to an enforceable scheduling stipulation. Lee County opposes Lacroix's position. The Court will address the arguments in turn.

First, the Court addresses the propriety of a briefing schedule. District courts have a considerable amount of discretion in scheduling preliminary injunction matters. *See Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 864 (11th Cir. 2004) *(*"A district court must be able to exercise its managerial power to maintain control over its docket."). The only hard and fast rule is that the parties opposing the preliminary injunction application "must file with the Clerk's Office, and deliver to the moving party, all counter or opposing affidavits, and a responsive brief, not later than at least seven days before the hearing." M.D. Fla. R. 4.06(b). Dryzmala argues that imposing a briefing schedule would clear up any uncertainty between the parties, and facilitate judicial economy. The Court agrees. As such, it will set out a deadline for briefing and a hearing date.

Second, the Court addresses the propriety of Lee County's inclusion in the briefing schedule. This analysis begins with whether Lacroix's alleged stipulation is the ultimate arbiter of Lee County's briefing obligations. The Court finds it is not. As a threshold matter, Lacroix's argument fails because the Court's inherent managerial power over its docket trumps any alleged stipulation. *See Young*, 358 F.3d at 864. But even if that were not that case, Lacroix's argument would still fail because the alleged stipulation is unenforceable. Lacroix contends emails between his counsel and Lee County on April 25, 2018 (Doc. 24-1), constituted a stipulation that Lee County would respond to the Complaint and Motion for Preliminary Injunction by a specific date. But Lee County did

2

not receive the Complaint or the Motion for the Preliminary Injunction until May 10, 2018. (Doc. 22-1). Thus, at the time the emails were sent, Lee County had no ability to assess the merits of the case or the time it would take to formulate a response. Absent such information, Lee County did not have the ability to enter into a meaningful agreement. See *LSQ Funding Grp., L.C. v. EDS Field Servs.*, 879 F. Supp. 2d 1320, 1327 (M.D. Fla. 2012) ("mutual assent is necessary as to essential terms" for an agreement to be enforceable).

That leaves the Court to decide whether both Dryzmala and Lee County should be included on the briefing schedule. The Court finds that doing so would prevent a staggered and uncertain briefing process, and therefore serve both the interests of the parties and judicial economy. Dryzmala's Motion will be granted in full.

Accordingly, it is now

**ORDERED:**

1. Defendant James Dryzmala's Motion to Establish Briefing Schedule for Preliminary Injunction Request (Doc. 23) is **GRANTED**.
2. Dryzmala and Lee County will have up to and until **June 20, 2018** to respond to Lacroix's Motion for Preliminary Injunction.
3. The Court will hear oral arguments ONLY on Lacroix's Motion for Preliminary Injunction on **July 11, 2018 at 9:00 a.m**.

**DONE** and **ORDERED** in Fort Myers, Florida this 6th day of June, 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

3