UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ADAM LACROIX, an individual

    Plaintiff,

v.                                Case No: 2:18-cv-143-FtM-38CM

LEE COUNTY, FLORIDA and
JAMES DRZYMALA,

    Defendants.
_____/

## OPINION AND ORDER[1]

This matter comes before the Court on Defendant Lee County, Florida's ("Lee County") Motion for Joinder (Doc. 33), which was filed on June 13, 2018. Plaintiff Adam Lacroix ("Lacroix") responded on June 21, 2018. (Doc. 39). The matter is ripe for review.

This dispute concerns an effort to join Boston Red Sox Baseball Club, Limited Partnership (the "Red Sox") and NESV Florida Real Estate LLC ("NESV") (collectively, the "Non-Parties") to an ongoing first amendment case. The facts of the case have been fully laid out in a previous Opinion and Order. (Doc. 43). Only the salient details will be repeated here.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Lacroix is a roaming evangelist. (Doc. 1 at ¶ 33). On April 29, 2017, he attempted to preach at a sports complex in Lee County, Florida, known as JetBlue Park (the "JetBlue Property"). (Doc. 1 at ¶ 64). The JetBlue Property consists of parcels owned by Lee County and NESV. (Doc. 36-1). Lee County exclusively leases its portions of the JetBlue Property to the Red Sox on a year-round basis. (Docs. 36-2 at 5-7; 38-2 at ¶ 4).

On the date of the incident, the Non-Parties allowed a concert to take place on the JetBlue Property. (Docs. 1 at ¶ 64;1-8 at 9). The concert was permitted under Lee County's Special Events Permitting Ordinance (the "Ordinance"). (Doc. 1 at ¶ 65). The concert organizer requested the Lee County Sheriff's Office ("LCSO") only allow concert patrons to enter the JetBlue Property. (Doc. 36-4 at ¶ 7).

When Lacroix attempted to begin preaching, LCSO Lieutenant James Dryzmala ("Officer Dryzmala") approached and summoned a concert organizer, who demanded Lacroix leave. (Docs. 1 at ¶¶ 64, 66-67, 82, 86-88; 36-4 at ¶ 3). Officer Dryzmala then directed Lacroix to move outside the JetBlue Property. (Doc. 1 at ¶ 97). When Lacroix protested, Officer Dryzmala informed him that further non-compliance would result in his arrest for trespass. (Doc. 1 at ¶ 99). Lacroix does not specify whether he complied with Officer Dryzmala's directive or if he faced reprisal for trespass.

Lacroix then sued Lee County and Officer Dryzmala, claiming Lee County's Trespass Policy for public property (the "Trespass Policy") and Ordinance (collectively, the "Laws"), facially restrict first amendment rights to free speech and free exercise of religion. (Doc. 1). He also claimed Lee County and Officer Dryzmala's application of the Laws unconstitutionally restricted free speech and free exercise of religion. (Doc. 1).

Lacroix then moved to enjoin the enforcement of the Trespass Policy and the Ordinance. (Doc. 7). But the Court found Lacroix lacked standing for injunctive relief. (Doc. 43). Now, Lee County moves to join the Red Sox and NESV as required parties under Federal Rule of Civil Procedure 19. (Doc. 33).

**DISCUSSION**

Federal Rule of Civil Procedure 19 provides for mandatory joinder of a non-party. *See Molinos Valle del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1344 (11th Cir. 2011). Under Rule 19(a)(1)(B),

> [a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1)(B)(i)-(ii) (internal punctuation omitted). A person whom the court deems must be joined if feasible is regarded as "necessary." *BFI Waste Sys. of N. Am., Inc. v. Broward Cty., Fla.*, 209 F.R.D. 509, 514 (S.D. Fla. 2002). The burden of proving a party is necessary rests with the moving party. *Id.*

Lee County argues the basis for Lacroix's suit is that he wishes to invalidate the Ordinance and the Trespass Policy to obtain the right to access the JetBlue Property and engage in his preaching activities. That interpretation compels Lee County to contend the Red Sox, as the lessee of Lee County's portions of the JetBlue Property, and NESV, as the owner of the remaining portions of the JetBlue Property, must be joined for two reasons. First, Lee County argues the Non-Parties should be joined because they have

interests in the subject of this case that might be impaired if the case is adjudicated in their absence. Second, Lee County argues adjudicating this case without the Non-Parties could expose it to multiple or otherwise inconsistent obligations. Lacroix disagrees. The Court will address each element in assessing whether joinder is merited.

As a threshold matter, it is uncontested that the Non-Parties are subject to service of process and their inclusion would not deprive the Court of subject matter jurisdiction. Still, mandatory joinder is unmerited for a number of reasons. First, Rule 19(b) applies only to parties that affirmatively claim an interest in the action. *See* Fed. R. Civ. P. 19(b); *see also Green v. Bannasch*, No. 6:14-CV-1676-ORL-37, 2015 WL 3465828, at *5 (M.D. Fla. June 1, 2015) (finding a party was not necessary in part because it had not claimed an interest in the action). Neither of the Non-Parties have claimed an interest in this case. That alone is enough to deny Lee County's Motion.

Second, even if the Non-Parties did claim an interest, it would not be of the type that would compel joinder because of a risk of impairment or impediment under Rule 19(a)(1)(B)(i). "Although the Eleventh Circuit has not defined the interest required [to compel joinder], it has defined it under Rule 24(a)(2),[2] which deals with Intervention of Right. The language in the two Rules is almost identical, and their requirements have been interpreted in an identical fashion." *Mid-Continent Cas. Co. v. Basdeo*, No. 08-61473-CIV, 2009 WL 2450386, at *3 (S.D. Fla. Aug. 7, 2009). Using Rule 24(a)(2)'s definition of interest, joinder under Rule 19 is required only when an entity has a "direct,

---

[2] Pursuant to Rule 24(a)(2), "[o]n timely motion, the court must permit anyone to intervene who claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

substantial and legally protectable" interest in the subject matter. *Georgia v. United States Army Corps of Enq'rs*, 302 F.3d 1242, 1249 (11th Cir. 2002). This application squares with findings from other courts across the country. *See Liberty Mut. Ins. Co. v. Treesdale*, Inc., 419 F.3d 216, 230 (3d Cir. 2005) ("Under Fed. R. Civ. P. 19(a)(2), a party is only 'necessary' if it has a legally protected interest, and not merely a financial interest, in the action."); *see also Cachil Dehe Band of Wintun Indians of the Colusa Indian Cmty. v. California*, 547 F.3d 962, 970 (9th Cir. 2008) ("A crucial premise of mandatory joinder, then, is that the absent tribes possess an interest in the pending litigation that is 'legally protected.'").

Here, the interest being adjudicated is the Laws' facial and as-applied constitutionality. Reading the Complaint's plain text, Lacroix's facial challenges to the Laws applies not only to their coverage of the JetBlue Property, but to all public property in the County. (Doc. 43 at 9). The as-applied challenges pertain to Lee County's and Officer Dryzmala's application of the Laws. As a mere lessee of public property, the Red Sox have no direct, substantial, and legally protectable interest in those disputes. As a private property owner, NESV's interest is even more remote. Though both may have indirect financial interests in the Laws' constitutionality, that is not enough to qualify them as necessary parties. *See In re Brandon Overseas, Inc.*, No. 08-11035-BKC-RBR, 2010 WL 2812944, at *9 (Bankr. S.D. Fla. July 16, 2010) (finding an "indirect financial interest" insufficient for mandatory joinder). Consequently, joinder is not merited under Rule 19(a)(1)(B)(i).

Similarly, adjudicating this case without the Red Sox and NESV would not expose Lee County to a substantial risk of incurring multiple or otherwise inconsistent obligations

under Rule 19(a)(1)(B)(ii). The Eleventh Circuit has held that Rule 19(a)(1)(B)(ii)'s use of the word "obligations" refers to judicially imposed duties. See *Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 746 F.3d 1008, 1040 (11th Cir. 2014) ("Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident.") (quoting *Delgado v. Plaza Las Ams., Inc.*, 139 F.3d 1, 3 (1st Cir. 1998)). But beyond vague notions of the potential for prospective exposure to secondary damages should Lacroix's relief be granted in full, Lee County has not argued it would be subject to multiple or inconsistent obligations. Even that argument fails, though, as secondary damages do not concern the matter at hand. As such, joinder under Rule 19(a)(1)(B)(ii) is also unmerited.

Lastly, Lee County's joinder argument omits consideration of one key aspect: Lacroix has not made any claims against the Non-Parties. Nor, as the claims are currently alleged, could he because the Non-Parties cannot write, interpret, or enforce the Laws. Joining them here would merely add parties without operative claims. That is impermissible. See *Hammond v. Clayton*, 83 F.3d 191, 194 (7th Cir. 1996).

Accordingly, it is now

**ORDERED:**

Defendant Lee County, Florida's Motion for Joinder (Doc. 33) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 29th day of July, 2018.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record